IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAYLA PIKE, Individually and
On Behalf of All Others Similarly
Situated                                                                                               PLAINTIFFS

v.                                      Case No. 4:22-cv-4018

GRKSTL TRANSPORTATION, INC.                                                       DEFENDANT

# ORDER

Before the Court is a motion by Defendant GRKSTL Transportation, Inc.'s counsel, Alexander D. Clark, to withdraw as counsel. ECF No. 38. Clark informs the Court that counsel for Plaintiff Kayla Pike (and all others similarly situated) does not oppose the motion. The Court finds the matter ripe for consideration.

Clark states that he reserved the right to withdraw as counsel in his engagement letter with Defendant. Clark further states that "GRKSTL has failed to fulfill certain obligations to [Cross, Gunter, Witherspoon, & Galchus, P.C.] that it is obligated to fulfill" and that he has notified Defendant of his intent to file the instant motion. ECF No. 38, at 1-2. Finally, Clark requests a continuance of the current trial date, June 20, 2023, and all pre-trial deadlines, allowing Defendant additional time to both retain new counsel and prepare for trial with that new counsel. ECF No. 38, at 2.

The Local Rules provide that no attorney shall withdraw except by leave of Court after reasonable notice has been given to the client and opposing counsel. W.D. Ark. Local Rule 83.5(f). Thus, the Court has discretion in granting leave to withdraw.[1] "In addressing motions to withdraw

---

[1] For understandable reasons, the Court neither controls, nor desires to control, the access that litigants have to the attorney of their choice. However, once an attorney has noted his or her appearance in this Court on behalf of a

as counsel, district courts have typically considered whether 'the prosecution of the suit is [likely to be] disrupted by the withdrawal of counsel.'" *Gold's Gym Licensing, LLC v. K-Pro Mktg. Grp., Inc.*, No. 09-1211, 2009 WL 3520858, at *4 (D. Minn. Oct. 26, 2009) (alteration in original) (citation omitted). It is well settled that a corporation may not proceed *pro se* in federal court. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Although there may be a situation in which an attorney would be permitted to withdraw and leave his or her corporate client without a lawyer, *see, e.g.*, *Buschmeier v. G&G Invs., Inc.*, 222 F. App'x. 160, 163 (3d Cir. 2007), the Court finds that in this situation, counsel should remain. Defendant, a corporation, would be unable to litigate its case and defend against the plaintiff class's claims without licensed counsel. Moreover, without Defendant's counsel, the Court will have no way to communicate with the Defendant corporation. For similar reasons, the Court declines to grant a continuance until Defendant retains new counsel.

For the above-discussed reasons, the Court finds that the instant motion to withdraw (ECF No. 38) should be and hereby is **DENIED**. Counsel may refile the motion once Defendant has secured substitute counsel.

**IT IS SO ORDERED**, this 15th day of May, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

litigant, the Court requires control over whether the litigant should continue to be represented by that attorney. Without such control, the Court's ability to manage its calendar and to administer justice would unavoidably suffer.