THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KAYLA PIKE, Individually and on**                                             **PLAINTIFF**
**Behalf of All Others Similarly Situated**

v.                                      No. 4:22-cv-4018-SOH

**GRKSTL TRANSPORTATION, INC.**                                      **DEFENDANT**

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL**

Plaintiff Kayla Pike ("Named Plaintiff"), individually and on behalf of others similarly situated, including Brent Boyd, Dillion Springer, William Rather, Justin Sanders, Teresa Davis, Hazel Miller, Amber Hill, Sharaven Blaylock, and Frances Thompson ("Opt-In Plaintiffs") (collectively, "Plaintiffs"), and Defendant GRKSTL Transportation, Inc. ("Defendant"), by and through their undersigned counsel, jointly submit the following Joint Motion for Approval of Settlement and Dismissal:

1. Named Plaintiff initiated this action on February 23, 2022, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201 ("AMWA"). ECF No. 1. Named Plaintiff contends that Defendant failed to pay her and a group of other similarly situated employees overtime compensation for all hours worked in excess of forty in a workweek. *Id.*

2. On June 30, 2022, Named Plaintiff moved this Court for conditional certification of a collective action consisting of "All Delivery Drivers who worked over 40 hours in any week since February 23, 2019." ECF No. 12.

3. On August 19, 2022, this Court conditionally certified a collective class of: "All Delivery Drivers who worked over 40 hours in any week since February 23, 2019." ECF No. 23.

The Court also directed that notices of the lawsuit and Consent to Join forms be sent to the individuals in the conditionally certified collective. *Id.*

4. Following the Court-approved notice period, the Opt-In Plaintiffs submitted Consent to Join forms. *See* ECF Nos. 24–27, 30–31.

5. Defendant denies that Plaintiffs were not properly compensated for all hours worked, including overtime hours, thereby creating a bona fide dispute as to wages owed. Specifically, Defendant contends that Plaintiffs were exempt from the overtime requirements of the FLSA pursuant to the Motor Carrier Exemption. Further, Defendant contends that Plaintiffs did perform in excess of forty hours in any workweek during the relevant time period.

6. The parties engaged in discovery regarding Plaintiffs' claims and the time records, compensation, and issues related to the underlying merits of the claims against Defendant as well as defenses.

7. Following arm's-length settlement negotiations between counsel, the parties have entered into a settlement memorialized in the attached Settlement Agreement and Release of Claims ("Agreement") resolving Plaintiffs' claims for back wages. A copy of the Agreement is attached hereto as Exhibit 1.

8. Because the FLSA confers non-waivable rights on employees, courts typically review settlements of wage claims to ensure that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable. *Lynn's Food Stores, Inc. v. United States*, 769 F. 3d 1350, 1353 n. 8 (11th Cir. 1982). Court review "ensures that the parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Cruthis v. Vision's*, No. 4:12-cv-00244-KGB, 2014 U.S. Dist. LEXIS 117901, at *2 (E.D. Ark. Aug. 19, 2014).

9. Here, the proposed settlement between the parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows litigation, including the sharing of time and pay records by experienced counsel representing both parties. The parties also engaged in settlement negotiations conducted by opposing counsel at arm's length. The parties understand that, inherent to litigation, there are uncertainties and risks. The parties understand the expense associated with further pleadings, discovery, a trial, and, potentially, an appeal.

10. The parties have determined that it is in their mutual interest to resolve the litigation as set forth in the Agreement without a trial. This decision included evaluating the likelihood of prevailing on the merits of Plaintiffs' claims and Defendant's defenses, including the proper method for calculating any alleged damages, as well as any additional fees and costs. Named Plaintiff has specifically considered the potential value of her claims and those of the collective and has concluded that the proposed settlement provides a fair and reasonable resolution of those claims.

11. The settlement is fair and reasonable due to a number of factors. First, Plaintiffs are receiving an amount which corresponds to their recoverable lost wages should they have worked an approximately 3 uncompensated hours per week which went uncompensated, noting any overtime or minimum wage violations taking place using that assumption. This is a reasonable compromise between the Parties' damage estimates, particularly given that, were Defendant's theory of the case to prevail, Plaintiffs would be entitled to nothing.

12. Second, the settlement amount and payment plan take into account Defendant's diminished ability to pay a judgment against it. Plaintiffs prefer to settle on the terms in the Agreement rather than possibly end up with nothing, even if a favorable judgment were to be rendered later after trial.

13.     The FLSA provides for an award of a reasonable attorney fee and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney fee to be paid by the defendant, and costs of the action."). Here, the Parties negotiated an amount of attorney fees of $6,200.00 completely separate from and after the settlement of Plaintiffs' claims. Accordingly, the position of Plaintiffs' counsel is that this amount is properly excluded from judicial review. See *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

14.     Plaintiffs and Defendant jointly seek dismissal, with prejudice, of Plaintiffs' claims for back wages and all other relief as sought in the Complaint in this action. The Parties request that following the Court's approval of the Agreement, the Court dismiss the above-styled action with prejudice and retain jurisdiction for the enforcement of the Agreement.

WHEREFORE, Plaintiffs and Defendant jointly request that the Court enter an order dismissing with prejudice Plaintiffs' claims for back wages and all other relief in this lawsuit, approving the Agreement, retaining jurisdiction for the enforcement of the Agreement, and for all other relief to which they are entitled.

                    Respectfully submitted,

                    **Kayla Pike, Individually**
                    **and on behalf of All Others**
                    **Similarly Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**and**    **DEFENDANT GRKSTL TRANSPORTATION, INC.**

CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Avenue, Ste 200
Little Rock, Arkansas 72201
Telephone: (501) 371-9999
Facsimile: (501) 371-0035

*/s/ Alexander D. Clark*
Alexander D. Clark
Ark. Bar No. 2017112
aclark@cgwg.com

5