IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAYLA PIKE, Individually and on
Behalf of All Others Similarly Situated                                     PLAINTIFF


v.                                        Case No. 4:22-cv-4018


GRKSTL TRANSPORTATION, INC.                                                 DEFENDANT

## ORDER

Before the Court is Renewed Motion to Withdraw as Counsel (ECF No. 57) filed by Defendant's counsel, Alexander D. Clark ("Mr. Clark"). No response is necessary. The Court finds the matter ripe for consideration.

On January 16, 2025, the Court issued an Order that stated Mr. Clark was still listed as counsel of record for Defendant. (ECF No. 55). The Order also directed Defendant to file a response to Plaintiff's Motion for Entry of Default by January 30, 2025. (ECF No. 55). On January 30, 3025, Mr. Clark simultaneously filed a response in opposition to Plaintiff's entry of default (ECF No. 56) and filed the instant motion to withdraw as counsel (ECF No. 57). Mr. Clark states that he has been unable to contact a corporate representative for Defendant. (ECF No. 57, at 2). Mr. Clark requests that the Court allow him to withdraw because he is unable to competently represent Defendant without communicating with Defendant. (ECF No. 57). Mr. Clark also requests fourteen (14) additional days to respond to the Entry of Default in order to continue efforts to contact Defendant in the event that the Court denies his motion to withdraw. (ECF No. 56, at 2).

The Local Rules provide that no attorney shall withdraw except by leave of Court after reasonable notice has been given to the client and opposing counsel. Local Rule 83.5(f). Thus,

the Court has discretion in granting leave to withdraw.[1]  It is well settled that a corporation may not proceed *pro se* in federal court.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (finding that a corporation or artificial entity is in default when not represented by licensed counsel).  While there may be a situation in which an attorney would be permitted to withdraw and leave his or her corporate client without a lawyer, *see, e.g.*, *Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160 (3d Cir. 2007), the Court finds that, in this situation, counsel should remain.  Defendant would be heavily prejudiced if Mr. Clark was permitted to withdraw, and Mr. Clark has not shown that he would be significantly prejudiced by remaining in this proceeding. In the interest of a proper conclusion of this case and the management of the Court's docket, the Court will not permit Defendant's counsel, Mr. Clark, to withdraw at this time.

Accordingly, the Court finds that Mr. Clark's Renewed Motion to Withdraw as Counsel (ECF No. 57) should be and hereby is **DENIED**.  Mr. Clark **has up to and including March 18, 2025,** to respond to the Entry of Default and to continue efforts to contact Defendant.

**IT IS SO ORDERED**, this 4th day of March, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1]For understandable reasons, the Court neither controls, nor desires to control, the access that litigants have to the attorney of their choice.  However, once an attorney has noted his or her appearance in this Court on behalf of a litigant, the Court acquires control over whether the litigant should continue to be represented by that attorney.  Without such control, the Court's ability to manage its calendar and to administer justice would unavoidably suffer.