THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KAYLA PIKE, Individually and on**                                                            **PLAINTIFF**
**Behalf of All Others Similarly Situated**

v.                               No. 4:22-cv-4018-SOH

**GRKSTL TRANSPORTATION, INC.**                                                **DEFENDANT**

### RESPONSE TO MOTION FOR ENTRY OF DEFAULT

Defendant GRKSTL Transportation, Inc. ("Defendant"), by and through its undersigned counsel, Rose Law Firm, a Professional Association, and for its Response to Plaintiff's Motion for Entry of Default as expressly ordered by the Court in Document 58,[1] states:

1. On September 12, 2024, upon motion by Plaintiff Kayla Pike, the Court reopened the above-referenced case. *See* ECF Nos. 52, 53. The Court's Order provides, in part: "Plaintiff is now asking the Court to reopen this action for the purpose of enforcing the parties' settlement agreement. Upon consideration, the Court finds that Plaintiff's Motion Reopen Case . . . is GRANTED." ECF No. 53.

2. On November 21, 2024, Plaintiff filed her Motion for Entry of Default against Defendant. *See* ECF No. 54.[2]

---

[1] In candor to the Court, the undersigned submits this Response in a good faith attempt to comply with this Court's Order in Document 58 personally directed to counsel. Counsel finds itself in an untenable position of being caught between a nonresponsive client and a Court's order. Notwithstanding, this Response is made consistent with the undersigned's ethical and court-ordered obligations.

[2] Plaintiff acknowledges that Defendant made payment of $2,000 toward the settlement amount to Plaintiff's counsel on May 2, 2024. *See* ECF No. 54, ¶ 5.

1

3. On January 30, 2025, Defendant filed its Response to the Motion for Default and Request for Extension of Time to Respond. *See* ECF No. 56. On the same date, counsel for Defendant filed his Renewed Motion to Withdraw as Counsel. *See* ECF No. 57.

4. On March 4, 2025, the Court entered its Order denying the Motion to Withdraw as Counsel and ordering counsel to respond to the Entry of Default by March 18, 2025. *See* ECF No. 58.

5. Plaintiff seeks entry of default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. *See* ECF No. 54, ¶ 9.

6. Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

7. The entry of default under Rule 55(a) is the first step of a two-step process a party may use to obtain default judgment against a defendant who has failed to plead or otherwise defend in an action. *See Canopius Capital Two Ltd. V. Jeanne Estates Apartments, Inc.*, No. 4:16-cv-4032, 2018 WL 8370331, at *2 (W.D. Ark. Mar. 21, 2018).

8. As evidenced by the pleadings in this case, Defendant appeared and defended against the allegations in the Complaint. *See* ECF No. 10.

9. The Parties entered into a negotiated settlement, which was approved by the Court. *See* ECF No. 49.

10. Indeed, Plaintiff alleges that she "intends to pursue a default judgment for sum certain on the remainder of the settlement amount in this case to enforce the settlement . . ." *See* ECF No. 54, ¶ 8.

11. Because Defendant appeared and defended, the entry of default (as the predicate to obtaining default judgment) under Fed. R. Civ. P. 55(a) is inappropriate in this matter.

12. Plaintiff's request would, in effect, permit her to recommence her case *ab initio* and treat Defendant's alleged breach of contract as grounds for the entry of default under Fed. R. Civ. P. 55(a) (and eventual default judgment under Fed. R. Civ. P. 55(b)). This procedure is contrary to the Federal Rules of Civil Procedure, and Plaintiff provides no authority for her novel proposition of law.

13. Plaintiff seemingly conflates default under the negotiated settlement with Rule 55's default and default judgment procedure. The alleged breach of a negotiated settlement, however, is not grounds for entry of default or default judgment under Fed. R. Civ. P. 55.

14. Defendant further notes that entry of default judgment—Plaintiff's objective, *see* ECF No. 54, ¶ 8—is not favored and should be a rare judicial act. *See Lee v. Sustainable Forests, LLC*, No. 4:23-cv-04029, 2023 WL 5761296, at *2 (W.D. Ark. Sept. 6, 2023) (citing *In re Jones Truck Lines, Inc.*, 63 F.3d 685, 688 (8th Cir. 1995)).

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion for Entry of Default pursuant to Fed. R. Civ. P. 55(a), and for all other relief to which it is entitled.

    Respectfully submitted,

    Alexander D. Clark, Ark. Bar No. 2017112
    ROSE LAW FIRM, Professional Association
    120 East Fourth Street
    Little Rock, AR 72201
    Phone: (501) 375-9131
    Fax: (501) 375-1309
    Email: aclark@roselawfirm.com

    **ATTORNEY FOR DEFENDANT**