IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KAYLA PIKE, Individually and on**                          **PLAINTIFF**
**Behalf of All Others Similarly Situated**

v.                      No. 4:22-cv-4018-SOH

**GRKSTL TRANSPORTATION, INC.**                       **DEFENDANT**

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

THIS SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (Agreement) is made and entered into by and between Kayla Pike ("Named Plaintiff"), individually and on behalf of others similarly situated ("Opt-In Plaintiffs" and, together with Named Plaintiff, "Plaintiffs"), which includes her agents, attorneys, heirs, dependents, personal representatives, executors, administrators, successors, and assigns (if any), and Defendant GRKSTL Transportation, Inc. (Defendant), and Joe Gay, individually, as guarantor, as set forth in Section III(C) of this Agreement (Joe Gay), (Named Plaintiff and Defendant are referred to collectively as the "Parties" and may be individually referred to as the "Party").

### I.   STATEMENTS OF FACT

The Parties acknowledge that:

It is the desire of the Parties to settle fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the Lawsuit or that could reasonably arise out of the facts alleged in the Lawsuit or out of Plaintiffs' employment with Defendant.

Moreover, the Parties desire to resolve any and all claims which Named Plaintiff may have against Defendant as of the date of the execution of this Agreement solely to avoid the cost and uncertainty of litigation;

The Parties have exchanged information relating to Plaintiffs' claims and Defendant's defenses, including time and pay records for all similarly-situated employees;

Named Plaintiff acknowledges that she has had adequate and legally sufficient time to review this Agreement with her legal counsel and that she understands the rights that have been waived by this Agreement;

1

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

Named Plaintiff further represents and warrants that she freely negotiated the terms of this Agreement and enters into it and executes it voluntarily. Named Plaintiff understands that this is a voluntary waiver of certain claims as set forth herein, whether known or unknown against Defendant, that relate in any way to her alleged employment with, contracted work with, complaints about, injuries from, compensation due, benefits, contractual obligations, or separation from Defendants, up to and including the date of the execution of this Agreement; and

Named Plaintiff acknowledges and agrees that in exchange for entering into this Agreement, she is receiving consideration, i.e., the payments described below, which is something that she is not otherwise entitled to receive.

Therefore, in consideration of the statements and mutual promises contained in this Agreement, the Parties agree as follows:

## II. DEFINITIONS

**A.** **"Plaintiffs' Counsel"** means SANFORD LAW FIRM, PLLC.

**B.** **"Plaintiffs"** means Kayla Pike, Brent Boyd, Dillion Springer, William Rather, Justin Sanders, Teresa Davis, Hazel Miller, Amber Hill, Sharaven Blaylock, and Frances Thompson.

**C.** **"Named Plaintiff"** means Kayla Pike.

**D.** **"Opt-In Plaintiffs"** means Brent Boyd, Dillion Springer, William Rather, Justin Sanders, Teresa Davis, Hazel Miller, Amber Hill, Sharaven Blaylock, and Frances Thompson.

**E.** **"Released Persons"** means Defendant as well as any assigns, including current and former officers, agents, shareholders, directors, owners, employees, attorneys, accountants, franchisors, successors, insurers, professional employer organizations, parent or subsidiary corporations/businesses, and assigns and the respective current and former officers, agents, shareholders, directors, Board Members, employees, attorneys, accountants, successors, insurers, and professional employer organizations of any parent, subsidiary, and affiliated entities.

## III. AGREEMENT

**A.** **Payments.** Defendant agrees to pay the gross amount of Fifteen Thousand Two Hundred Dollars and 00/100 ($15,200.00) in full and final settlement of this matter, payable as set forth below.

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

1. **Payment to Plaintiffs.** Defendant agrees to pay the gross amount of Nine Thousand Dollars and 00/100 ($9,000.00) to Plaintiffs, payable as follows:

    a.  The payment to Plaintiffs set forth above represents the negotiated back wages allegedly owed to Plaintiffs as well as an additional amount as liquidated damages.

    b.  Each Plaintiff will be issued a 1099 for the amounts set forth in Appendix A of this Agreement.

    c.  The payment to Plaintiffs will be paid in installments of $500.00 per month, beginning no later than thirty (30) days from the Court's entry of an Order approving this Agreement, provided, however, that Defendant may, in its discretion, and without penalty, pay any installment hereunder for a sum more than $ 500.00, which will be applied to the payment to Plaintiffs.

    d.  Installment checks will be delivered to Plaintiffs' counsel at 10800 Financial Centre Parkway, Suite 510, Little Rock, AR, 72211, to be held in trust for distribution to Plaintiff in accordance with Appendix A to this Agreement. Any check not negotiated within 90 days of issuance will be terminated.

2. **Payment to Plaintiffs' Counsel.** Defendant agrees to pay the gross amount of Six Thousand Two Hundred Twenty Dollars and 00/100 ($6,200.00) to SANFORD LAW FIRM, PLLC, which represents attorney fees and costs associated with the Lawsuit, payable as follows:

    a.  The Parties acknowledge and agree that attorneys' fees set forth in Article III(A)(2) above were negotiated separate and apart from Plaintiffs' portion of the settlement and did not reduce the amount available to Plaintiffs.

    b.  The payment to Plaintiffs' Counsel will be paid in installments of $500.00 per month, beginning no later than thirty (30) days from the final installment of the payment to the Plaintiffs, provided, however, that Defendant may, in its discretion, and without penalty, pay any installment hereunder for a sum more than $500.00, which will be applied to the payment to Plaintiffs' Counsel.

    c.  Installment checks for payment to Plaintiffs' Counsel will be delivered to SANFORD LAW FIRM, PLLC at 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211.

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

      **d.**    The appropriate IRS Form 1099 shall be issued to Plaintiffs' Counsel reflecting the payments.

**B.**    **Lost or Misdirected Payments.** Plaintiffs shall have 90 days from the date of payment to negotiate settlement checks. If a Plaintiff's check is lost, destroyed, or otherwise unusable, the payee may notify Defendant, through counsel, within 90 days of the date of payment and Defendant will, upon verification that the original check has not been negotiated, issue a replacement. The payee shall have 90 days from the date of re-issuance to negotiate the replacement check.

**C.**    **Personal Guarantee.** The Parties acknowledge that Defendant GRKSTL Transportation, Inc. is a corporation owned, in whole or in part, by Joe Gay, who has signed this Agreement individually and on behalf of GRKSTL Transportation, Inc. Joe Gay hereby agrees to personally guarantee the payment and collection of all sums due and owing under this Agreement.

**D.**    **Statement of Pending Claims.** Named Plaintiff filed this action as *Kayla Pike, Individually and On Behalf of All Others Similarly Situated v. GRKSTL Transportation, Inc.*, in the United States District Court for the Western District of Arkansas, Case No. 4:22-cv-4018-SOH (the "Lawsuit"). In the Lawsuit, Named Plaintiff claimed that Defendants did not pay her and others for all overtime hours owed in violation of the Fair Labor Standards Act ("FLSA") and the Arkansas Minimum Wage Act ("AMWA"). Plaintiffs Brent Boyd, Dillion Springer, William Rather, Justin Sanders, Teresa Davis, Hazel Miller, Amber Hill, Sharaven Blaylock, and Frances Thompson filed consents to join the Lawsuit. Aside from the Lawsuit, Plaintiffs represent that no other charges, actions, or claims are pending by or on behalf of Plaintiffs against Defendant or any entity owned in whole or in part by Defendant.

**E.**    **Dismissal of Claims with Prejudice.** The Parties are submitting a Joint Motion for Approval of Settlement and Dismissal as a condition to this Agreement. The Parties will request dismissal of the Lawsuit with prejudice. If the Court does not approve this Agreement or approves it subject to conditions or modifications which are not acceptable to both Parties, the Parties shall attempt to negotiate in good faith in order to modify the Agreement in a form acceptable to both the Parties and the Court.

**F.**    **Full Release of Claims by Named Plaintiff.** The payments that are provided to Plaintiffs in Article III(A)(1) shall be the sole relief (i.e., monetary payment or other remedy) provided to the Plaintiffs from Defendants, or from any of the other Released Persons, for the claims that are released by Plaintiffs in this Agreement. In exchange, Named Plaintiff fully, finally and forever releases and discharges the Released Persons, from any and all claims, rights, demands, liabilities and causes of action for monetary damages, liquidated damages, interest, and punitive damages, excluding the payment of attorney fees and costs as set forth in Article III(A)(2), and all claims or demands related to her employment with Defendant regarding wages and/or failure to pay

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

minimum or overtime wages that she has or may have had against Defendants as of the date of Named Plaintiff's execution of this Agreement under:

      **a.**    the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*);

      **b.**    the Arkansas Minimum Wage Act;

      **c.**    any and all claims under the laws of any state, county, municipality, or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas regarding failure to pay wages or overtime wages; and

      **d.**    any and all other relevant Federal and/or State statutory and/or common laws including, but not limited to, intentional infliction of emotional distress for failure to pay wages or overtime wages.

Named Plaintiff further and specifically release any and all claims of any kind whatsoever that they had, have had, or may have against the Released Persons as of the date of her execution of this Agreement under the following:

      **a.**    Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e, *et seq.*);

      **b.**    the Age Discrimination in Employment Act of 1967, as amended (29 U.S.C. § 621, *et seq.*);

      **c.**    the Civil Rights Acts of 1866, 1871, 1964 and 1991;

      **d.**    the Americans with Disabilities Act of 1990, as amended (42 U.S.C. § 12101, *et seq.*);

      **e.**    the Rehabilitation Act of 1973, as amended (29 U.S.C. § 701, *et seq.*);

      **f.**    the Genetic Information Nondiscrimination Act of 2008 (42 U.S.C. § 2000ff, *et seq.*)

      **g.**    the Equal Pay Act of 1963, as amended (29 U.S.C. § 206(d), *et seq.*);

      **h.**    the Arkansas Civil Rights Act, as amended (Ark. Code Ann. § 16–123–101, *et seq.*);

      **i.**    the Uniform Contribution Among Tortfeasors Act, as amended (Ark. Code Ann. § 16–61–201, *et seq.*);

      **j.**    the Fair Credit Reporting Act, as amended (15 U.S.C. § 1681, *et seq.*);

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

      **k.**    the Occupational Health and Safety Act of 1970, as amended (29 U.S.C. § 651, *et seq.*) or any applicable state safety and health statutes, regulations, or common law;

      **l.**    the Family and Medical Leave Act, as amended (29 U.S.C. § 2601, *et seq.*);

      **m.**    any and all claims under the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas; and

      **n.**    any and all other relevant federal, state, and local laws, unjust enrichment/quantum meruit, workers' compensation laws, common laws, tort, contract, or statutory claims, and/or any claims for attorneys' fees and costs.

The claims released under Article III(E) of this Agreement do not include the following claims that Named Plaintiff may have: (1) the right to continued benefits in accordance with the Consolidated Omnibus Budget Reconciliation Act (COBRA); (2) any claim to enforce the terms of this Agreement; and/or (3) any claim which cannot be waived as a matter of law. Named Plaintiff acknowledges and agrees that she has had sufficient time to consider this Agreement and to consult with legal counsel to consider its meaning and significance. When entering into this Agreement, Named Plaintiff has not relied on any representations or warranties made by the Defendant, other than representations and warranties expressly set forth in this Agreement.

**G.**    **Release of Claims by Opt-In Plaintiffs.** In exchange for the promises contained herein, Opt-In Plaintiffs hereby fully, finally and forever release and discharge Released Persons from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, arising on or before the date the Court approves this Agreement, against Defendant for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties, premium pay, interest, restitution or other compensation and relief arising from the alleged failure to properly pay such to Opt-In Plaintiffs under the FLSA and AMWA and the laws of any state, county, municipality or other governmental subdivision of the United States or any state, including but not limited to, the State of Arkansas, regarding failure to pay minimum wages and/or overtime wages.

**H.**    **No Admission of Liability; Inadmissibility of Agreement.** This Agreement shall not in any way be construed as an admission by Defendant of any liability whatsoever or as an admission by Defendant of any acts of wrongdoing, misclassification, or discrimination against Plaintiffs or any other persons. In fact, Defendant specifically disclaims improper wage payments, or any liability and wrongdoing. Defendant affirmatively states that they have fully complied with all applicable statutes, regulations, and ordinances. The terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any subsequent situation involving persons other than Plaintiffs. This Agreement shall not be offered, used, or admitted into evidence in any proceeding or litigation, whether civil, criminal, arbitral, or

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

otherwise, except for any actions to enforce the terms of this Agreement, unless ordered to produce this Agreement by a court of law.

I.    **Non-Disclosure.** Named Plaintiff agrees to not voluntarily disclose the contents and terms of this Agreement, including the consideration for this Agreement, except to her attorneys, tax preparers, or spouse, unless otherwise mandated by law or legal process. Named Plaintiff agrees that, if asked, she may state that the matter has been resolved. If an action is instituted to enforce the terms of this Agreement, disclosure of this Agreement will not constitute a breach of this provision.

J.    **Non-Interference and Continued Right to Participate in Agency Proceedings.** Nothing in this Agreement shall interfere with Plaintiffs' right to file a charge, cooperate or participate in an investigation or proceeding conducted by the U.S. Equal Employment Opportunity Commission, U.S. or Arkansas Departments of Labor, the U.S. Securities and Exchange Commission, or any other federal, state, or local regulatory or law enforcement agency. However, Plaintiffs hereby waive any and all rights to recover monetary relief in any way, by virtue of any such investigation, hearing or proceeding conducted by those agencies for claims arising prior to the Court's approval of this Agreement and released by virtue of this Agreement. Further, nothing in this Agreement shall prohibit Plaintiffs from seeking or obtaining a whistleblower award from the Securities and Exchange Commission pursuant to Section 21F of the Exchange Act.

K.    **Payment of Applicable Taxes; Medicare Waiver.** Plaintiffs are and shall be solely responsible for all federal, state, and local taxes that may be owed by virtue of their receipt of any portion of the monetary payment provided under this Agreement other than required employer withholdings. Plaintiffs agree to hold Defendants harmless and indemnify Defendant from any medical liens, Medicare liens, Medicaid liens, attorneys' fees liens, child support obligations, and any other obligation to a third-party. It is not the purpose of this settlement agreement to shift to Medicare or Medicaid the responsibility for payment of medical expenses for treatment of injury-related conditions. Plaintiffs agree that their indemnity or obligations set out in this paragraph shall include but not be limited to any and all payments, settlements, judgments, losses, damages, liabilities, taxes, penalties, assessments, fines, interest, costs of defense, attorneys' fees, and other expenses arising out of or incurred in connection with the matters with respect to which they have agreed to indemnify and hold harmless Defendant.

L.    **Transfer of Claims.** Plaintiffs represent and warrant that they have not assigned or transferred any released claims. Plaintiffs further warrant that there is nothing that would prohibit Plaintiffs from entering into this Agreement.

M.    **Neither Party is a Prevailing Party.** Neither Plaintiffs nor Defendant shall be considered a Prevailing Party for any purpose except as necessary for Plaintiffs' Counsel to recover the amounts set forth in paragraph A(2).

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

N. **Knowing and Voluntary Waiver; Communications with Plaintiffs.** Plaintiffs acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that Plaintiffs enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein. Named Plaintiff further acknowledges: (a) that Named Plaintiff has consulted with or has had the opportunity to consult with her attorneys concerning this Agreement; and (b) Named Plaintiff has read and understands this Agreement, is fully aware of its legal effect, and has entered into it freely and voluntarily based on her own judgment and/or the advice of Plaintiffs' attorney. Named Plaintiff acknowledges that she has been given a reasonable time to consider the terms of this Agreement. Defendant has no responsibility with respect to any inquiries from Plaintiffs about this Agreement and the settlement described in it.

O. **Covenant Not to Sue.** Plaintiffs represent that they will not bring any action in the future against the Released Persons in which Plaintiffs seek to recover any damages from the Released Persons arising from claims released in this Agreement.

P. **Miscellaneous.**

    a. **Choice of Law and Venue.** This Agreement is deemed by the Parties to be made and entered into in the State of Arkansas. It shall be interpreted, enforced, and governed under the laws of Arkansas. Any action to enforce any part of this Agreement shall be brought in the federal courts located in Pulaski County, Arkansas.

    b. **Waiver.** Any failure by any Party to insist upon the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

    c. **Binding Agreement.** This Agreement shall be binding upon, and inure to the benefit of, the Parties, as well as their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and/or assigns.

    d. **Entire Agreement.** This Agreement contains the entire Agreement between the Parties, and it replaces any prior agreements or understandings between the Parties. All modifications to this Agreement must be made in writing and signed by the Parties.

    e. **Severability.** The provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the other parts shall remain fully valid and enforceable.

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

  **f.** **Captions.** The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

  **g.** **Remedy for Breach.** If either Party believes that there has been a violation of this Agreement, including but not limited to violations of any of the obligations set forth in this Agreement, then that Party may present this Agreement to the United States District Court, Western District of Arkansas, Texarkana Division, for purposes of obtaining injunctive and/or monetary relief, as well as damages arising from any breach, including legal fees and costs. The Parties agree that whether a violation of this Agreement has occurred shall be determined by a court of competent jurisdiction.

  **h.** **Signatures.** The Parties agree that a signed and faxed copy or signed and emailed copy of this Agreement is just as valid as an original signed copy of this Agreement. The Parties further agree that this Agreement may be signed electronically and in multiple counterparts, each of which is an original. Should multiple counterparts exist, they will be provided to all Parties for their records.

  **i.** **Construction.** This Agreement is deemed to have been drafted jointly by the Parties and, in the event of a dispute, will not be construed in favor of or against any Party by reason of that Party's contribution to the drafting of this Agreement.

**NAMED PLAINTIFF, individually and on behalf of others similarly situated:**

_____  Date: 07 / 13 / 2023
**Kayla Pike**

and

9

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

DEFENDANTS:

GRKSTL TRANSPORTATION, INC.

_____   Date: 7-27-23
By: Joe Gay

JOE GAY

_____   Date: 7-27-23
By: Joe Gay, individually

10

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1

# APPENDIX A

Plaintiffs' Counsel shall hold installment payments to Plaintiffs in its trust account and, thereafter, distribute payments to Plaintiffs in the amounts set forth in this Appendix. Installment payments to Plaintiffs shall be applied to Named Plaintiffs' settlement amount and, thereafter, to each Opt-In Plaintiff in the order of the date of filing of each Opt-In Plaintiffs' Consent to Join Collective Action. For Opt-In Plaintiffs whose Consents to Join Collective Action were filed on the same date, installment payments to Plaintiffs shall be applied based on the date of execution of the Consent to Join Collective Action. For Opt-In Plaintiffs whose Consents to Join Collective were filed and executed on the same date, installment payments to Plaintiffs shall be applied alphabetically, based on Opt-In Plaintiffs' surname.

**Named Plaintiff**

| | |
|---|---|
| Kayla Pike: | $1,007.82 |

**Opt-In Plaintiffs** (in order of application of installment payments to Plaintiffs)

| | |
|---|---|
| Brent Boyd: | $1,221.76 |
| Dillion Springer: | $512.98 |
| William Rather: | $1,141.61 |
| Justin Sanders: | $412.21 |
| Teresa Davis: | $1,829.75 |
| Hazel Foran (Miller): | $608.74 |
| Amber Hill: | $1,452.03 |
| Sharaven Blaylock: | $456.41 |
| Frances Thompson: | $356.68 |

Doc ID: c28391329e3a3009a323565bca1683fe0494aeb1