IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KAYLA PIKE, Individually and on Behalf**                              **PLAINTIFF**
**of All Others Similarly Situated**

vs.                              No. 4:22-cv-4018-SOH

**GRKSTL TRANSPORTATION, INC.**                              **DEFENDANT**

**<u>BRIEF IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT</u>**

The parties have reached a settlement, and this case should be over. Defendant, however, refuses to honor the parties' agreement. When dismissing the case, this Court specifically retained jurisdiction to enforce the settlement. Plaintiffs respectfully ask this Court to reopen the case and order Defendant to carry out its obligations under the settlement contract.

**A.      The Parties entered into a valid settlement agreement.**

Under Arkansas law, the elements of a contract are "(1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations." *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 218, 289 S.W.3d 466, 470 (2008) (citing *Ward v. Williams*, 354 Ark. 168, 118 S.W.3d 513 (2003)). In examining the existence of a valid contract, courts must "keep in mind two legal principles." *Id*., 289 S.W.3d at 470. First, "a court cannot make a contract for the parties but can only construe and enforce the contract that they have made; and if there is no meeting of the minds, there is no contract," and second, "it is well settled that in order to make a contract there must be a meeting of the minds as to all terms, using objective

**Page 1 of 4**
**Kayla Pike, et al. v. GRKSTL Transportation, Inc.**
**U.S.D.C. (W.D. Ark.) Case No. 4:22-cv-4018-SOH**
**Brief in Support of Motion to Enforce Settlement**

indicators." *Id.*, 289 S.W.3d at 470 (citing *Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (2005)).

All parties must manifest assent to the terms of the contract, which cannot be so vague as to be unenforceable. *Id.* (citing *Alltel Corp.*, 360 Ark. at 576, 203 S.W.3d at 80; *City of Dardanelle v. City of Russellville*, 372 Ark. 486, 277 S.W.3d 562 (2008)). "Acceptance of a contract may be accomplished by words or conduct." *MDH Builders, Inc. v. Nabholz Constr. Corp.*, 70 Ark. App. 284, 17 S.W.3d 97, 100 (Ark. Ct. App. 2000). *Childs v. Adams*, 322 Ark. 424, 909 S.W.2d 641, 646 (Ark. 1995) (holding conduct manifested acceptance of a counteroffer).

Plaintiffs have established that they entered into a valid settlement agreement with Defendant. The settlement was reached after arms-length negotiations in which both parties were represented by legal counsel. Decl. of Josh Sanford ("Decl. Sanford") ¶ 4, attached as Ex. 1. The Settlement Agreement is supported by consideration, and the parties are mutually obligated under it. *Id.* at ¶ 5. It is likewise supported by mutual agreement: Plaintiffs manifested their agreement by executing the Settlement Agreement and Defendant manifested its agreement via its counsel's approval and the filing of the Joint Stipulation of Dismissal. *Id.* at ¶ 6. Defendant further manifested its agreement by tendering partial payment. *Id.* at ¶ 10. Accordingly, the parties are bound by a valid settlement agreement, and Plaintiffs now seek judgment against Defendant to enforce the terms.

**B.    Defendant has not fulfilled his obligations under the settlement agreement.**

Under the terms of the Agreement, Defendant agreed to pay a total of $15,200.00 dispersed as follows: Defendant agreed to pay $4,500 to Plaintiffs in back

Page 2 of 4
Kayla Pike, et al. v. GRKSTL Transportation, Inc.
U.S.D.C. (W.D. Ark.) Case No. 4:22-cv-4018-SOH
Brief in Support of Motion to Enforce Settlement

wages, $4,500 to Plaintiffs as liquidated damages, and $6,200 in attorneys' fees, all to be remitted in monthly installments of $500.00 beginning no later than 30 days from the Court's entry of an Order approving the Agreement. Decl. Sanford ¶ 5, 7. *See also*, Settlement Agreement, attached as Ex. 2.

The Court entered an Order approving the settlement and dismissing the case on February 12, 2024 (ECF No. 49), which under the above terms made Defendant's first payment due no later than March 12, 2024. Defendant's payment of $2,000.00 tendered in May of 2024 covers the payments that were due through June of 2024, but Defendant has failed to make any payment in the subsequent 13 months and still owes $13,200.00 under the Agreement. By failing to make monthly payments, Defendant is in breach of the Settlement Agreement. Plaintiffs respectfully request that this Court enter an Order instructing Defendant to meet its obligations under the Parties' settlement agreement or enter judgment against Defendant in the amount of$13,200.

## C.    Conclusion

Plaintiffs respectfully request that the Court find that the parties have entered into a valid settlement agreement and order Defendants to abide by the terms of the settlement contract.

**Page 3 of 4**
**Kayla Pike, et al. v. GRKSTL Transportation, Inc.**
**U.S.D.C. (W.D. Ark.) Case No. 4:22-cv-4018-SOH**
**Brief in Support of Motion to Enforce Settlement**

Respectfully submitted,

**KAYLA PIKE, Individually and on
Behalf of All Others Similarly
Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 4 of 4
Kayla Pike, et al. v. GRKSTL Transportation, Inc.
U.S.D.C. (W.D. Ark.) Case No. 4:22-cv-4018-SOH
Brief in Support of Motion to Enforce Settlement**