# THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF ARKANSAS
# TEXARKANA DIVISION

**KAYLA PIKE, Individually and on**  **PLAINTIFF**
**Behalf of All Others Similarly Situated**

v.                              No. 4:22-cv-4018-SOH

**GRKSTL TRANSPORTATION, INC.**                              **DEFENDANT**

## SECOND RENEWED MOTION TO WITHDRAW AS COUNSEL

Alexander D. Clark (Counsel) of Rose Law Firm, a Professional Association, for his Second Renewed Motion to Withdraw as Counsel, states:

1. On February 12, 2024, the Court granted the Parties' Joint Motion for Approval of Settlement and Dismissal, dismissing the claims against Defendant GRKSTL Transportation, Inc. (Defendant) but retaining jurisdiction to vacate its Order and reopen the case upon cause shown that the settlement has not been completed and further litigation is necessary. *See* ECF NO. 46.

2. On April 3, 2024, after notice to Defendant's representative, Counsel filed his Motion to Withdraw as Counsel for Defendant on the basis that his representation of Defendant had concluded. *See* ECF No. 50.

3. On April 4, 2024, the Court denied the Motion to Withdraw as Counsel as moot, as the case was already dismissed. *See* ECF No. 51.

4. After the Court's April 4, 2024 Order, Counsel took appropriate steps to conclude his representation of Defendant.

5. On April 12, 2024, Plaintiffs moved to reopen the case, *see* ECF No. 52, which the Court granted on September 12, 2024, *see* ECF No. 53.

1

6. On November 21, 2024, Plaintiffs filed their Motion for Default, *see* ECF No. 54, alleging that Defendant made a payment of $2,000 to Plaintiff's counsel but no further payments, *see id.* at ¶ 5. Therefore, Plaintiffs requested the entry of default against Defendant. *See id.* at ¶ 9.

7. Plaintiffs' Motion for Default also requested clarification on whether Defendant was still represented by counsel. *See id.* at ¶¶ 7, 9.

8. After providing notice to Defendant's representative, Counsel filed its Renewed Motion to Withdraw as Counsel on January 30, 2025. *See* ECF No. 57.

9. On March 4, 2025, the Court denied Counsel' Motion to Withdraw as Counsel. *See* ECF No. 58.

10. According to the Court's March 4, 2025 Order, "While there may be a situation in which an attorney would be permitted to withdraw and leave his or her corporate client without a lawyer, *Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160 (3d Cir. 2007) the Court finds that, in this situation, counsel should remain." ECF No. 58.

11. Following the Court's March 4, 2025 Order, Counsel continued to make numerous attempts to contact Defendant's representative concerning the substance of this case (including the Motion for Entry of Default[1] and the pending Motion to Enforce Settlement) by phone, electronic mail, and U.S. Mail, but have been unable to make contact with Defendant's representative. Counsel's inability to reach and receive instruction from Defendant's representative has left Counsel without knowledge of Defendant's interest and position in this matter and, as such, unable to effectively represent Defendant in this matter.

---

[1] Counsel filed a Response to the Motion for Entry of Default on March 18, 2025. Plaintiff replied that her Motion for Entry of Default was due to her impression that Defendant was an unrepresented corporation and would seek enforcement of the settlement, *see* ECF No. 60, and, as such, the Court denied the Motion for Entry of Default as moot on June 30, 2025, *see* ECF No. 61.

12. The *Buschmeier* Court reasons that counsel may withdrawal, even before substitute counsel has entered his or her appearance, "once the [law] firm demonstrates that the ordinary rules of withdrawal have been met and its appearance serves no meaningful purpose. Whether or not a law firm's appearance serves no meaningful purposes will be based on the potential prejudice to all litigating parties." *Buschmeier*, 222 Fed. Appx. at 163.

13. Defendant and opposing counsel are on notice of Counsel's intent to withdrawal. Counsel has filed two previous motions to withdraw as counsel. Counsel provided written notice of his present request to withdraw on August 6, 2025. *See* Local Rules 83.5(f).

14. Counsel's withdrawal complies with the ethical requirements contained in Arkansas Rule of Professional Conduct (ARPC) 1.16, including (i) concerns about Counsel's compliance with ARPC 1.4's requirement to obtain informed consent from a client, (ii) because Defendant has failed to fulfill the reasonable expectation of communication and rendered Counsel's representation unreasonably difficult, each of which are the result of Counsel's inability to communicate with Defendant's representative. Specifically, despite numerous and repeated attempts to contact Defendant's representative by phone (including calls from Counsel personally and additional regular calls from Counsel's office), electronic mail, private parcel service, and U.S Mail, Counsel has been unable to make contact with Defendant's representative.

15. Further, because his matter was litigated to its conclusion, the state of litigation factor favor withdrawal. *See Buschmeier*, 222 Fed. Appx. at 164 (stage of litigation factor favors withdrawal where the "case is in the execution and G&G Investments is not a foreign corporation."[2]).

---

[2] Defendant is likewise not a foreign corporation.

16. Finally, the prejudice to Defendant is minimal, if any prejudice exists at all, if Counsel withdraws. *See Buschmeier*, 222 Fed. Appx. at 164–65. Plaintiff seeks to enforce the terms of the Settlement Agreement—an amount Defendant has already agreed to pay.

17. Plaintiff will likewise not be prejudiced by Counsel's withdrawal. For example, due to the aforementioned lack of contact between Counsel and Defendant's representative, Counsel will be ineffective in assisting with enforcement of the Settlement Agreement or executing on any potential judgment. *See Buschmeier*, 222 Fed. Appx. at 164–65.

18. By contrast, the prejudice to Counsel is more significant than either Defendant or Plaintiff. Counsel cannot adequately represent Defendant without communication with Defendant's representative, including obtaining informed consent to pursue any course of action or making factual assertions in any filings to this Court.

19. Accordingly, Counsel renews his motion to withdraw as counsel to Defendant.

WHEREFORE, Alexander Clark respectfully requests that the Court grants his Second Renewed Motion to Withdraw as Counsel, permit his withdrawal as counsel for Defendant, and for all other relief to which he may be entitled.

Respectfully submitted,

Alexander D. Clark, Ark. Bar No. 2017112
ROSE LAW FIRM, Professional Association
120 East Fourth Street
Little Rock, AR 72201
Phone: (501) 375-9131
Fax: (501) 375-1309
Email: aclark@roselawfirm.com

**ATTORNEY FOR DEFENDANT**