THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**KAYLA PIKE, Individually and on**                        **PLAINTIFF**
**Behalf of All Others Similarly Situated**

v.                        No. 4:22-cv-4018-SOH

**GRKSTL TRANSPORTATION, INC.**                        **DEFENDANT**

## BRIEF IN SUPPORT OF SECOND
## RENEWED MOTION TO WITHDRAW AS COUNSEL

Alexander D. Clark (Counsel) of Rose Law Firm, a Professional Association, for his Brief in Support of Second Renewed Motion to Withdraw as Counsel, states:

### BACKGROUND

On February 12, 2024, the Court granted the Parties' Joint Motion for Approval of Settlement and Dismissal, dismissing the claims against Defendant GRKSTL Transportation, Inc. (Defendant) but retaining jurisdiction to vacate its Order and reopen the case upon cause shown that the settlement has not been completed and further litigation is necessary. *See* ECF NO. 46. After giving notice to Defendant's representative, on April 3, 2024, Counsel filed his Motion to Withdraw as Counsel for Defendant on the basis that his representation of Defendant had concluded. *See* ECF No. 50. On April 4, 2024, the Court denied the Motion to Withdraw as Counsel as moot, as the case was already dismissed. *See* ECF No. 51.

On November 21, 2024, Plaintiff filed her Motion for Default, *see* ECF No. 54, alleging that GRKSTL made a payment of $2,000 to Plaintiff's counsel but no further payments, *see id.* at ¶ 5. Therefore, Plaintiffs requested the entry of default against GRKSTL. *See id.* at ¶ 9. Plaintiff's Motion for Default also requested clarification on whether GRKSTL was still represented by counsel. *See id.* at ¶¶ 7, 9. After providing notice to Defendant's representative, Counsel filed its

Renewed Motion to Withdraw as Counsel on January 30, 2025. *See* ECF No. 57. On March 4, 2025, the Court denied Counsel' Motion to Withdraw as Counsel. *See* ECF No. 58. In the Order, the Court noted, "While there may be a situation in which an attorney would be permitted to withdraw and leave his or her corporate client without a lawyer, the Court find that, in this situation, counsel should remain." *Id.* Specifically, the Court found that Defendant would be "heavily prejudiced" if Counsel was permitted to withdraw and that Counsel had "not shown that he would be significantly prejudiced by remaining in this proceeding." *See id.*

Following the Court's March 4, 2025 Order, Counsel continued to make numerous attempts to contact Defendant's representative concerning the substance of this case (including the Motion for Entry of Default[1] and the pending Motion to Enforce Settlement including) by phone, electronic mail, and U.S. Mail, but have been unable to make contact with Defendant's representative. Counsel's inability to reach and receive instruction from Defendant's representative has left Counsel without knowledge of Defendant's interest and position in this matter and, as such, unable to effectively represent Defendant in this matter.

## ANALYSIS

In its Order, the Court cites *Buschmeier v. G&G Investments, Inc.*, 222 Fed. Appx. 160 (3d Cir. 2007), which provides guidance on "situation[s] in which an attorney would be permit to withdraw or leave his or her corporate client without a lawyer." Specifically, *Buschmeier* provides "that a law firm can withdraw from representing a corporation even before the corporation retains new counsel when the withdrawing firm 'serves no meaningful purpose.'" *See id.* at 163 (citing

---

[1] Counsel filed a Response to the Motion for Entry of Default on March 18, 2025. Plaintiff replied that her Motion for Entry of Default was due to her impression that Defendant was an unrepresented corporation and would seek enforcement of the settlement, *see* ECF No. 60, and, as such, the Court denied the Motion for Entry of Default as moot on June 30, 2025, *see* ECF No. 61.

*Ohntrup v. Firearms Ctr., Inc.*, 802 F.2d 676, 680 (3d Cir. 1986) (per curiam)). In analyzing the phrase "no meaningful purpose," the Third Circuit was "persuaded by the logic of both *Ohntrup* and *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537 (7th Cir. 2002). Ultimately, the Third Circuit determined that . . .

> . . . the proper withdrawal calculus for a district court to perform when the client is a corporation looks at the burden imposed on all parties and the counsel attempting to withdraw. A law firm is entitled to withdraw once the firm demonstrates that the ordinary rules of withdrawal have been met and its appearance serves no meaningful purpose. Whether or not a law firm's appearance serves no meaningful purposes will be based on the potential prejudice to all litigating parties.

*Buschmeier*, 222 Fed. Appx. at 163.

### *Ordinary Rules of Withdrawal*

The *Buschmeier* Court first considered whether the withdrawing counsel "followed the ordinary rules of withdrawal." *See id.* at 164. Pursuant to Local Rules 83.5, "No attorney shall withdraw from an action or proceeding except by leave of Court after reasonable notice has been given to the client and opposing counsel." Both Defendant (through its representation) and opposing counsel are well aware of the counsel's intent to withdraw as counsel for Defendant in this matter. Counsel has filed two motions to withdraw. *See* ECF Nos. 50, 57. In advance of the first motion to withdraw, counsel notified Defendant's representative that its representation of Defendant had concluded following the dismissal of the case. *See* ECF No. 46. Counsel also gave Defendant's representative notice in advance of its filing of the Renewed Motion to Withdraw as Counsel. On Wednesday, August 6, 2025, Counsel notified both Defendant's representative and opposing counsel of his intent to file a Second Renewed Motion to Withdraw as Counsel.

The Arkansas Rule of Professional Conduct (ARPC) 1.16 governs declining or terminating representation and provides that, "a lawyer shall not represent a client or, where representation has

3

commenced, shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law." ARPC 16.1(a)(1). Rule 16 further provides that a lawyer may withdraw from representing a client if *inter alia*: (5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden in the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause exists for withdrawal exists. ARPC 16.1(b)(5)–(7).

     Despite numerous and repeated attempts to contact Defendant's representative by phone (including calls from Counsel personally and additional regular calls from Counsel's office), electronic mail, private parcel service, and U.S Mail, Counsel has been unable to make contact with Defendant's representative. Pursuant to ARPC 1.4, a lawyer shall "promptly inform client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules." ARPC 1.4(a)(1). Further, the Rules require a lawyer to "explain a matter to the extent necessary to permit the client to make informed decisions regarding the representation." ARPC 1.4(b). Counsel is unable to obtain informed consent regarding, most immediately, the response to Plaintiff's Motion to Enforce Settlement. However, it similarly difficult to obtain client's informed consent with respect to the manner in which to continue to defend this lawsuit without input from Defendant's representative. Consequently, ARPC 1.16 requires Counsel's withdrawal.

     Additionally, representation requires attorney-client communications to enable Counsel to aptly represent the client. Counsel has advised Defendant's representative that representation has been rendered unreasonably difficult due to the lack of attorney-client communication. *See* ARPC

4

1.16(b)(5)–(7). These circumstances constitute circumstances under which an attorney may withdraw from representation as counsel. *See id.* Accordingly, Counsel has demonstrated that he has followed the ordinary rules of withdrawal. *See Buschmeier*, 222 Fed. Appx. at 164.

### *Stage of Litigation*

The "stage of litigation" factor also favors permitting withdrawal. In the present case, a settlement was reached and memorialized by a Settlement Agreement. *See* ECF No. 49. The Settlement Agreement was submitted to and approved by the Court, and the agreed to settlement was for a sum certain. *See id.* The Court dismissed the action, retaining jurisdiction only for the purpose of enforcing the terms of the settlement. *See id.* Because this matter was litigated to its conclusion, the state of litigation factor favor withdrawal. *See Buschmeier*, 222 Fed. Appx. at 164 (stage of litigation factor favors withdrawal where the "case is in the execution and G&G Investments is not a foreign corporation."[2]).

### *Prejudice to Affected Parties*

Finally, the prejudice to Defendant is minimal, if any prejudice exists at all. *See Buschmeier*, 222 Fed. Appx. at 164–65. As noted above, this matter was settled for a sum certain and dismissed. *See* ECF No. 49. Plaintiff now seeks to enforce the sum of the settlement. ECF Nos. 63–64. Under these circumstances, Defendant would not be prejudiced because the amount to be potentially adjudged against Defendant is the amount Defendant has already agreed to pay to Plaintiff. Further, as a practical matter, Counsel's inability to make contact with Defendant's representative necessarily inhibits Counsel from obtaining factual information from or about the circumstances that would aid Defendant in either responding to the Motion to Enforce Settlement or providing legal counsel regarding any aspect of the case in its current procedural posture.

---

[2] Defendant is likewise not a foreign corporation.

Likewise, Plaintiff will not be prejudiced by Counsel's withdrawal. *See Buschmeier*, 222 Fed. Appx. at 164–65. At this stage of litigation, the settlement is for a sum certain and Plaintiff endeavors to enforce that agreement. However, due to the aforementioned lack of contact between Counsel and Defendant's representative, Counsel will be ineffective in assisting with enforcement of the Settlement Agreement or executing on any potential judgment. *See e.g. id.* Therefore, it is difficult to see how Plaintiff will be prejudiced by Counsel's withdrawal. *See id.*

By contrast, the prejudice to Counsel is markedly more significant. Counsel is presently representing Defendant without compensation. More importantly, due to the Defendant's representative's failure to adequately communicate with Counsel, it is unreasonably difficult to adequately represent Defendant in a manner that complies with Counsel's ethical obligations. *See e.g.* ARPC 1.4. Accordingly, Counsel's withdrawal is appropriate based on the prejudice such withdrawal would have on each of the affected parties. *See Buschmeier*, 222 Fed. Appx. at 164–65.

## CONCLUSION

For the reasons stated above, Counsel respectfully requests that the Court grants is Second Renewed Motion to Withdraw as Counsel for Defendant.

Respectfully submitted,

Alexander D. Clark, Ark. Bar No. 2017112
ROSE LAW FIRM, Professional Association
120 East Fourth Street
Little Rock, AR 72201
Phone: (501) 375-9131
Fax: (501) 375-1309
Email: aclark@roselawfirm.com

**ATTORNEY FOR DEFENDANT**
