IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAYLA PIKE, Individually and on
Behalf of All Others Similarly Situated                                              PLAINTIFF

v.                                    Case No. 4:22-cv-04018

GRKSTL TRANSPORTATION, INC.                                                       DEFENDANT

## ORDER

Before the Court is a Motion to Enforce Settlement filed by Plaintiff Kayla Pike ("Named Plaintiff"). (ECF No. 63). Defendant GRKSTL Transportation, Inc. ("Defendant") has responded. (ECF No. 67). The Court finds the matter ripe for consideration.

## I. BACKGROUND

On February 23, 2022, Named Plaintiff filed her collective action Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq*. ("AMWA"). (ECF No. 2, at 1). On August 19, 2022, the Court issued an Order granting and denying in part Named Plaintiff's Motion to Certify Collective Action. (ECF No. 23). After additional litigation, on February 12, 2024, the Court issued an Order approving a settlement agreement between Named Plaintiff and the opt-in Plaintiffs (together, "Collective Plaintiffs") and Defendant. (ECF No. 49). In the Order, the Court noted that it considered all relevant factors in determining if a settlement agreement should be approved and found that all factors were in favor of a determination that the parties' settlement was fair and reasonable.[1] (ECF No. 49, at 2-3). Additionally, the Court retained

---

[1] The Court considered the following factors: (1) the stage of the litigation and the amount of discovery exchanged; (2) the experience of counsel; (3) the probability of success on the merits; (4) whether there was any overreaching

jurisdiction to vacate the Order and reopen the case if the settlement was not completed and further litigation was required. (ECF No. 49, at 3). The settlement agreement required Defendant to pay the Collective Plaintiffs $4,500.00 as back wages, $4,500.00 as liquidated damages, and to pay the Collective Plaintiffs' law firm—the Sanford Law Firm—$6,200.00 to settle fees and costs of litigation for a total of $15,200.00. (ECF No. 63-2, at 2-3). Defendant was to make payments in installments of $500.00 per month beginning no later than thirty (30) days from the entry of the Court's Order approving the settlement—in this case, March 13, 2024. (ECF 63-2, at 3).

On April 12, 2024, Named Plaintiff filed a Motion to Reopen Case that argued Defendant had not yet tendered any payments to the Collective Plaintiffs or to the Collective Plaintiffs' counsel. (ECF No. 52, at 1). Named Plaintiff asserted that Defendant had failed to fulfill its obligations under the settlement agreement. (ECF No. 52, at 2). On September 12, 2024, the Court granted the motion to reopen for the purpose of enforcing the parties' settlement agreement. (ECF No. 53).

In the interest of brevity, the Court will move past some procedural history to July 18, 2025, when Named Plaintiff filed the instant Motion to Enforce Settlement. (ECF No. 63). Named Plaintiff states that Defendant failed to make timely payments by the March 13, 2024, deadline. (ECF No. 63, at 2). Further, Named Plaintiff states that the only payment that has been received was a one-time payment of $2,000.00 to the Sanford Law Firm tendered while the Motion to Reopen was pending. (ECF No. 63, at 2). Named Plaintiff asserts that no further payments have been made and all efforts to reach Defendant have been unsuccessful. (ECF No. 63, at 2). Named Plaintiff argues that a valid settlement agreement was reached and that

---

by the employer in settlement negotiations; and (5) whether the settlement was the product of arms' length negotiations between the parties, based on the merits of the case. (ECF No. 49, at 2-3).

Defendant has breached the settlement agreement. (ECF No. 64, at 3). Named Plaintiff requests that the Court enter an Order instructing Defendant to meet its obligations pursuant to the settlement agreement. (ECF No. 64, at 3).

Defendant's counsel—Alexander D. Clark ("Mr. Clark")—has responded stating that he has been unable to contact a representative of Defendant, despite continued efforts.[2] (ECF No. 67, at 1). Mr. Clark also states that he cannot provide a proper response to the Motion to Enforce Settlement because he has not been able to reach his client. (ECF No. 67, at 1).

## II. DISCUSSION

"[D]istrict courts do not have inherent power to enforce a settlement agreement entered into by parties in federal court." *Myers v. Richland Cnty.*, 429 F.3d 740, 745 (8th Cir. 2005) (citation omitted). "Because an action to enforce a settlement agreement is a claim for breach of contract, it should be heard in state court unless it has its own basis for jurisdiction." *Id*. (internal quotations omitted). A district court has ancillary jurisdiction to enforce a settlement agreement "if the parties' obligation to comply with the terms of the settlement agreement [was] made part of the order of dismissal—either by . . . a provision retaining jurisdiction over the settlement agreement [] or by incorporat[ion of] the terms of the settlement agreement in the order." *Miener By & Through Miener v. Missouri Dept. of Mental Health*, 62 F.3d 1126, 1127 (8th Cir. 1995) (citation omitted). Here, the Court explicitly stated that it "shall retain jurisdiction to vacate [the dismissal order] and reopen this action upon cause shown that the settlement has not been completed and further litigation is necessary." (ECF No. 49, at 3). Thus, the Court is satisfied that it has ancillary jurisdiction to enforce this settlement agreement.

---

[2]The Court notes that Mr. Clark has been continuously attempting to contact his client over the course of several months. However, it appears that Defendant is avoiding contact with its own counsel, despite Mr. Clark's diligent attempts to make contact. (ECF No. 56; ECF No. 57; ECF No. 59; ECF No. 67; ECF No. 68).

Arkansas law favors amicable settlement of controversies and settlement agreements. *See Williams v. Davis*, 9 Ark. App. 323, 325, 659 S.W.2d 514, 515 (1983).  The "[b]asic principles of contract formation govern the existence and enforcement of settlement agreements." *Chambers v. Watson*, No. 6:18-CV-6091, 2021 WL 3418292, at *2 (W.D. Ark. Aug. 5, 2021) (citing *Chaganti & Assocs., P.C. v. Nowotny*, 470 F.3d 1215, 1221 (8th Cir. 2006)).  Under Arkansas law, "[t]he essential elements of a contract include (1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual agreement, and (5) mutual obligations."  *Id.*  (quoting *DaimlerChrysler Corp. v. Smelser*, 375 Ark. 216, 218, 289 S.W.3d 466, 470 (2008)).

"Courts will enforce contracts of settlement if they are not in contravention of law." *DaimlerChrysler*, 375 Ark. at 218, 289 S.W.3d at 470 (citation omitted).  A court should keep in mind two legal principles when deciding whether a valid contract exists: (1) a court cannot make a contract for the parties but can only construe and enforce the contract that they have made; and (2) to make a contract, there must be a meeting of the minds as to all terms, using objective indicators.  *See id.*

Review of the record shows that the parties clearly entered into a valid settlement agreement: (1) both parties were represented by counsel during negotiations; (2) the settlement agreement was supported by consideration and bound the parties by mutual obligations; (3) the parties executed the settlement agreement and filed a Joint Stipulation of Dismissal after execution of the agreement; (4) the settlement agreement and release of claims contained a wet signature from a representative of Defendant; and (5) Defendant made at least one payment pursuant to the settlement agreement, even if the payment was untimely.  Thus, the Court finds that the parties are bound by a valid settlement agreement.

Equally as clear is that Defendant has breached the settlement agreement. Defendant's payments were to begin no later than March 13, 2024—thirty (30) days from the entry of the Court's Order approving the settlement agreement on February 12, 2024—but Defendant only made a single $2,000.00 payment on May 1, 2024. (ECF No. 63-3). Defendant still owes $13,200.00 as obligated by the settlement agreement, and it appears that Defendant has made no additional effort to tender this amount since the May 1, 2024 payment. Thus, the Court finds that Defendant has breached the settlement agreement.

### III.   CONCLUSION

Accordingly, the Court finds that Named Plaintiff's Motion to Enforce Settlement (ECF No. 63) should be and hereby is **GRANTED**. Defendant is hereby **ORDERED** to adhere to the terms of the settlement agreement and **pay the remaining settlement amount of $13,200.00 within thirty (30) days from the filing of this Order**. Named Plaintiff is directed to file a status update after thirty (30) days regarding Defendant's payment.

**Failure to comply with this Order may result in civil contempt sanctions**, **including fines and/or imprisonment**. Should Defendant fail to comply with this Order within (30) days, Named Plaintiff may move to hold Defendant in civil contempt and seek the appropriate compensatory or coercive sanctions.

Counsel for Named Plaintiff and Defendant are directed to physically mail a copy of this Order to Defendant and Defendant's relevant representatives, with direct signature required. Additionally, Counsel for Named Plaintiff and Defendant are directed to electronically mail Defendant a copy of this Order.

**IT IS SO ORDERED**, this 25th day of August, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge