IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KAYLA PIKE, Individually and on
Behalf of All Others Similarly Situated                                        PLAINTIFF

v.                                   Case No. 4:22-cv-04018

GRKSTL TRANSPORTATION, INC.                                              DEFENDANT

## ORDER

Before the Court is a Motion to Withdraw as Counsel (ECF No. 68) filed by Defendant's counsel, Alexander D. Clark ("Mr. Clark").  Plaintiff Kayla Pike ("Named Plaintiff") has not responded, and the time to do so has passed.  *See* Local Rule 7.2(b).  The Court finds the matter ripe for consideration.

## I.  BACKGROUND

This is a Fair Labor Standards Act and Arkansas Minimum Wage Act collective action brought against corporate Defendant GRKSTL Transportation, Inc. ("Defendant") for failure to pay overtime wages to Named Plaintiff and the opt-in Plaintiffs (together, "Collective Plaintiffs"). (ECF No. 2).  On May 5, 2023, less than two months before the trial date, Mr. Clark filed his first unopposed motion to withdraw as Defendant's counsel, claiming that Defendant had failed to fulfill certain obligations to Mr. Clark's firm.  (ECF No. 38).  On May 15, 2023, the Court denied Mr. Clark's motion because Defendant, a corporation, would be unable to defend against Plaintiff's claims without legal counsel.  (ECF No. 41).  The parties provided a notice of settlement to the Court before this case went to trial.  (ECF No. 42).

On February 12, 2024, the Court granted the Parties' joint motion for approval of settlement and dismissed the claims against Defendant.  (ECF No. 49).  The Court retained jurisdiction to vacate its Order and reopen the action upon cause shown that settlement has not been completed

and further litigation is necessary.  *Id.* at 3.  On April 3, 2024, Mr. Clark filed his second motion to withdraw as counsel on the basis that his representation of Defendant had concluded.  (ECF No. 50).   On April 4, 2024, the Court denied Mr. Clark's second motion as moot, reasoning that this case had already been dismissed.  (ECF No. 51).

On April 12, 2024, Named Plaintiff moved to reopen the case because Defendant had not tendered any payments to Collective Plaintiffs or their counsel as required by the settlement agreement.  (ECF No. 52).  The Court granted Named Plaintiff's motion for the purpose of enforcing the settlement agreement.  (ECF No. 53).  On November 21, 2024, Named Plaintiff filed a motion for entry of default, alleging that Defendant made a single payment of $2,000 to Named Plaintiff's counsel on May 1, 2024, but had not tendered any further payments.[1]  (ECF No. 54). Named Plaintiff also requested that the Court clarify whether Defendant was currently represented by counsel and enter default against Defendant as an unrepresented corporate entity if it was unrepresented and failed to acquire new counsel.  *Id.* at 2.  On January 30, 2025, Mr. Clark responded and explained that he has been unable to contact or communicate with Defendant regarding the motion for default.  (ECF No. 56).  The same day, Mr. Clark filed a renewed motion to withdraw as Defendant's counsel on the basis that he is unable to provide competent representation to Defendant without communication with Defendant's corporate representative. (ECF No. 57).

On March 4, 2025, the Court again denied Mr. Clark's motion to withdraw, reasoning that corporations may only proceed *pro se* in federal court in very limited situations and that Defendant would be heavily prejudiced if Mr. Clark was permitted to withdraw.  (ECF No. 58).  The Court

---

[1] Pursuant to the parties' settlement agreement, Defendant agreed to pay Collective Plaintiffs a total of $15,200.00. (ECF No. 63-1, at ¶ 5).

then denied Named Plaintiff's motion for entry of default as moot because Defendant was still represented by Mr. Clark.  (ECF No. 61).

On July 18, 2025, Named Plaintiff moved to enforce the parties' settlement agreement, arguing that Defendant has not made any payments after its sole $2,000 payment on May 1, 2024.  (ECF No. 63).  On August 8, 2025, Mr. Clark responded in opposition to Named Plaintiff's motion.  (ECF No. 67).  Mr. Clark also filed his fourth motion to withdraw as Defendant's counsel, which is before the Court today.  (ECF No. 68).  Mr. Clark explains that he has made numerous attempts to contact Defendant's representative about the motion to enforce settlement but has remained unable to contact Defendant.  (ECF No. 69, at 2).  Mr. Clark claims that he is unable to effectively represent Defendant without knowledge of Defendant's interest and position.  *Id.*

On August 25, 2025, the Court granted Named Plaintiff's motion to enforce the settlement and directed Defendant to pay the remaining settlement amount of $13,200.00 within 30 days.[2]  (ECF No. 70).  Named Plaintiff has entered two status reports, reporting that Defendant has failed to pay the ordered amount and that she has been unable to locate Defendant.  (ECF Nos. 71, 73).  Named Plaintiff states that she continues to monitor the situation and stands ready to pursue appropriate enforcement remedies should Defendant's whereabout become known.  (ECF No. 73, at 2).

## II.  DISCUSSION

The issue for the Court is whether it is appropriate to allow Mr. Clark to withdraw as Defendant's counsel and leave Defendant, a corporation, without representation.

It is well settled that a corporation may not proceed *pro se* in federal court.  *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also Ackra Direct Mktg. Corp. v. Fingerhut*

---

[2] The Court directed that if Defendant failed to pay within 30 days, Named Plaintiff may move to hold Defendant in civil contempt and seek the appropriate compensatory or coercive sanctions.  (ECF No. 70, at 5).

3

*Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (finding that a corporation or artificial entity is in default when not represented by licensed counsel).  However, there are limited situations in which an attorney is permitted to withdraw and leave his or her corporate client without counsel.  *See, e.g.*, *Sanford v. Maid-Rite Corp.*, 816 F.3d 546, 549-50 (8th Cir. 2016) (allowing an attorney to withdraw representation of his corporate client when he met the requirements of the Minnesota Rules of Professional Conduct and court's local rules and when withdrawal did not severely prejudice the client or third parties); *Buschmeier v. G&G Investments, Inc.*, 22 Fed. Appx. 160, 163-65 (3d Cir. 2007) (allowing an attorney to withdraw from representing a corporation before the corporation retains new counsel when the withdrawing attorney "followed the ordinary rules of withdrawal" and "serves no meaningful purpose").

The Eighth Circuit has held that an attorney may withdraw from representing a corporate client and leave the corporation without counsel if: (1) it is presumptively appropriate for the attorney to seek withdrawal under both the relevant Rules of Professional Conduct and the Court's Local Rules; and (2) withdrawal would not severely prejudice the client or third parties.  *Sanford*, 816 F.3d at 549-50.  Similarly, the Third Circuit has directed that an attorney may withdraw from representing a corporate client if he demonstrates that "the ordinary rules of withdrawal have been met" and that his "appearance serves no meaningful purpose." *Buschmeier*, 22 Fed. Appx. at 163. To determine whether an attorney "serves no meaningful purpose," the Third Circuit considered "the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and prejudice to other parties." *Id*. at 164 (citing *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 310 F.3d 537, 540-41 (7th Cir. 2002)).

First, Mr. Clark contends that he followed the Arkansas Rules of Professional Conduct and the Local Rules when seeking to withdraw from representing Defendant.  Local Rule 83.5(f)

4

directs that "[n]o attorney shall withdraw from an action or proceeding except by leave of Court after reasonable notice has been given to the client and opposing counsel."  Mr. Clark states that he notified Defendant's representative of his intent to withdraw before he filed his April 3, 2023 and January 30, 2025 motions to withdraw.  (ECF No. 69, at 3).  Mr. Clark also states that on August 6, 2025, he notified both Defendant's representative and opposing counsel of his intent to file the instant motion to withdraw.  *Id.*

Mr. Clark also argues that it is appropriate for him to seek withdrawal under the Arkansas Rules of Professional Conduct.  Arkansas Rule of Professional Conduct 1.16, which governs terminating representation, provides that a lawyer "shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law."  Ark. R. Pro. Conduct 1.16(a)(1).  Mr. Clark argues that he risks violating Rule 1.4 of the Arkansas Rules of Professional Conduct because he is unable to communicate with Defendant to obtain informed consent regarding this case.  Rule 1.4 states that a lawyer must "promptly inform the client of any decision or circumstance with respect to which the client's informed consent . . . is required" and to explain matters "to the extent necessary to permit the client to make informed decisions regarding the representation."  Ark. R. Pro. Conduct 1.4(a)(1), (b).

Rule 1.16 also provides that an attorney may withdraw from representing a client if: "(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) other good cause for withdrawal exists."  Ark. R. Pro. Conduct 1.16(b)(5)-(7).  Mr. Clark argues that his withdrawal is appropriate under Rule 1.16 because he has repeatedly attempted to contact Defendant's representative by phone,

5

email, private parcel service, and U.S. mail without avail. (ECF No. 69, at 4). Upon review, the Court finds that it is presumptively appropriate for Mr. Clark to seek withdrawal. *See Sanford*, 816 F.3d at 550 (finding withdrawal presumptively appropriate when the Minnesota Rules of Professional Conduct permitted termination in that situation and when the attorney notified the corporate client of his motion to withdraw pursuant to local rules).

Next, the Court must consider whether withdrawal will severely prejudice the corporate client or third parties. *Id.* Mr. Clark argues that Defendant will not be prejudiced because this matter was settled for a sum Defendant has already agreed to pay Collective Plaintiffs. (ECF No. 69, at 5). Further, Mr. Clark argues that his ability to contact Defendant's representative inhibits him from providing legal counsel to or otherwise assist Defendant in this case. *Id.* Mr. Clark further argues that Collective Plaintiffs will not be prejudiced by his withdrawal because the settlement is for a sum certain and because he will be ineffective in assisting with enforcing the settlement agreement due to lack of contact with Defendant. *Id.* at 6. On the other hand, Mr. Clark argues that he is prejudiced by continuing to represent Defendant without compensation and without the ability to communicate with Defendant to ensure representation in a manner that complies with his ethical responsibilities. *Id.*

Mr. Clark also contends that the "stage of litigation" factor favors his withdrawal. *See Buschmeier*, 222 Fed. Appx. at 164. In *Buschmeier v. G&G Investments, Inc.*, the Third Circuit weighed the stage of litigation factor in favor of withdrawal when a case was in its execution stage and the corporate client was not a foreign corporation. *Id.* Mr. Clark argues that this case is at the end of the litigation stage because a settlement for a sum certain was reached and memorialized by a settlement agreement. (ECF No. 69, at 5). Defendant is an Arkansas corporation. (ECF No. 8).

Upon these facts, the Court finds that Mr. Clark's withdrawal will not severely prejudice Defendant. The Eighth Circuit instructs that prejudicial conduct might include "waiting until the client is over a barrel and then springing a demand for payment . . . ." *Sanford*, 816 F.3d at 550. Mr. Clark has not engaged in such conduct. He has repeatedly provided notice to Defendant of his intent to withdraw and there is no impending activity in this case. *See id.* (finding no prejudice to a defendant when the attorney provided early notice and withdrew "in a quiet period before trial"). The Court also finds that Mr. Clark's withdrawal will not severely prejudice Collective Plaintiffs. Named Plaintiff has not indicated that she opposes this, or any, motion to withdraw. The Court notes that it has granted Named Plaintiff's motion to enforce the settlement, and that Named Plaintiff has indicated that she is prepared to seek appropriate enforcement remedies should Defendant be found. (ECF Nos. 70, 73). The Court finds that Mr. Clark's representation of Defendant serves no meaningful purpose because Defendant appears to be evading contact from both Mr. Clark and Named Plaintiffs. Accordingly, the Court finds that good cause exists to permit Mr. Clark's withdrawal without substitution.

### III. CONCLUSION

Accordingly, the Court finds that Mr. Clark's Motion to Withdraw (ECF No. 68) should be and hereby is **GRANTED**. Mr. Clark is **DIRECTED** to mail a copy of this Order to Defendant's last known address. Mr. Clark is further **DIRECTED** to provide Defendant's last known address to the Court within **seven (7) days** of this Order.

**IT IS SO ORDERED**, this 20th day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

7